IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Mario Alberto Lizarraga,<br><br>    Defendant. | CR-01-305-TUC-FRZ (JCG)<br><br>**REPORT AND RECOMMENDATION** |

    On August 10, 2005, the government filed a Petition to Revoke the Supervised Release of Mario Alberto Lizarraga.  This matter came before the Court for a hearing and a report and recommendation as a result of a referral by District Court Judge Frank R. Zapata on August 18, 2005, pursuant to LRCrim 5.1,  and the consent of the parties, including Mr. Lizarraga.

    This matter was set for evidentiary hearing and evidence was heard on October 19, 2005.  The Defendant, who remains in custody at this time, was present. Both parties were represented by counsel. This matter was submitted following oral argument at the conclusion of the hearing and taken under advisement.

    Having now considered the matter, the Magistrate Judge recommends that the District Court, after its independent review, find that Mr. Lizarraga did not violate his condition of supervised release, deny the Petition to Revoke Supervised Release, and order Mr.  Lizarraga released

from custody.

**FACTUAL FINDINGS**

The Petition to Revoke Supervised Release charges that Mr. Lizarraga violated standard condition 1 of the terms of supervised release which provides: "You shall not commit another federal, state, or local crime during the term of supervision." (Hearing, Ex. 2 at 2.) The petition alleges that Mr. Lizarraga violated this condition:

> On May 7, 2005, Mario Alberto Lizarraga committed the offenses of driving under the influence, driving under the influence with an alcohol concentration of 0.08 percent or more, and driving while under the extreme influence of intoxicating liquor, violations of A.R.S. §§ 28-1381(A)(1), 28 1381(A)(2), and 28-1383(A) [misdemeanors], respectively, as evidenced by a complaint filed in Nogales (Arizona) Municipal Court Case No. TR200501421 and Nogales Police Department Arrest Report No. 05-001958.

(Warrant for Arrest at 3.)

At the evidentiary hearing, the government relied on hearsay evidence consisting of: (1) the testimony of the supervising probation officer and (2) the report of the arresting officer from the Nogales Police Department (Hearing, Ex. 1). Lizarraga challenged the reliability of the hearsay testimony of the probation officer and objected to the admission of the Nogales Police Department report.

The probation officer testified as follows. Lizarraga's 36-month term of supervised release started on September 27, 2002 and would terminate on September 27, 2005. On May 10, 2005, Lizarraga called and informed the probation officer that he had been arrested by the Nogales Police Department on May 7, 2005. Because of the phone call, the probation officer obtained a copy of the police report pertaining to the arrest. The police report indicated: the arresting police officer had

2

stopped Lizarraga in his vehicle; Lizarraga failed a field sobriety test; results of a portable breath test at the scene of the arrest showed a blood alcohol content of .127%; and two subsequent breath tests administered at the police station showed blood alcohol content levels in excess of .200%.  According to the probation officer, Lizarraga admitted to the probation officer that he had been drinking and driving on May 7, 2005.  There was no testimony that Lizarraga admitted to being intoxicated or driving under the influence on that date.

The probation officer further testified that charges related to the May 7, 2005, incident were initially brought against Lizarraga in Santa Cruz county.  The officer learned that the charges had been dismissed without prejudice because quarterly calibration checks on the Breathalyzer machines could not be found or had not been completed.  According to the probation officer, he was told there was not sufficient reliability in the machine's results to go forward with the prosecution.

On cross-examination, the probation officer indicated that he had not contacted or spoken to anyone at the Nogales Police Department; he was unaware of whether performance of field sobriety tests were voluntary; and he did not know what would constitute failure in performance of field sobriety tests.  He stated that he did not know if the breathalyzer machines used on May 7, 2005, were functioning accurately and he could not produce records of their calibration to show they were reliable.  He further testified that he is unaware of whether portable breath tests are reliable and/or admissible as evidence.

The Nogales Police Department report contained information that Lizarraga was pulled over because he ran a red light, his car veered

3

towards the right side of the road and almost struck another vehicle, and at the time of the stop, Lizarraga left the vehicle in drive, rather than putting the car in park.  The report also indicated that the officer smelled an odor of intoxicants coming from inside the car and that Lizarraga's breath smelled of intoxicants.  There is nothing in the report that indicates that the officer is familiar with the odor of alcohol.  Again, the probation officer testified that he did not talk to anyone at the Nogales Police Department.

Defense counsel objected to the admission of the Nogales police report on the grounds that it constituted double hearsay, was unreliable, and deprived Lizarraga of his constitutional right of confrontation.  The Court admitted the police report, but stated that its reliability would be taken into account in consideration of the weight of the evidence.

## LEGAL CONCLUSIONS

There are certain minimum due process requirements for the revocation of supervised release.  A releasee is guaranteed the right to confront and cross-examine adverse witnesses at a revocation hearing, unless the government shows good cause for not producing the witnesses.  Fed.R.Crim.P 32.1(b)(2)(C) (defendant is entitled to an opportunity to question any adverse witness unless the court determines that the interest of justice does not require the witness to appear); United States v. Comito, 177 F.3d 1166, 1170 (9th Cir. 1999).  The right to confrontation ensures that a finding of supervised release violation will be based on verified facts.  Comito, 177 F.3d at 1170.

In determining whether the admission of hearsay evidence violates the releasee's right to confrontation, the court must weigh the

releasee's interest in his constitutionally guaranteed right to confrontation against the government's good cause for denying it.  Id. A releasee's right to confrontation depends on two primary factors: the importance of the hearsay evidence to the court's ultimate finding and the nature of the facts to be proven by the hearsay evidence.  "The more significant particular evidence is to a finding, the more important it is that the releasee be given an opportunity to demonstrate that the proffered evidence does not reflect 'verified fact.'" Id. at 1171.  "So, too, the more subject to question the accuracy and reliability of the proffered evidence, the greater the releasee's interest in testing it by exercising his right to confrontation."  Id.

   The strength of Lizarraga's right to confrontation is strong in this case because of the importance of the hearsay evidence to the ultimate finding and the nature of the facts proved by the hearsay evidence.  The importance of the police report for the ultimate finding cannot be denied.  The only evidence that Lizarraga was driving under the influence was the information contained in the police report.  The report included the unverified observations by the arresting officer and the unreliable results of the breath tests. Because the hearsay contained in the police report would provide the only basis for the Court to find that Lizarraga was driving while intoxicated, Lizarraga had a very strong interest in demonstrating that the hearsay did not reflect "verified fact."

   The second factor - consideration of the nature of the facts - also supports a finding that Lizarraga had a strong interest in confrontation. The information contained in the police report was shown to lack indicia of reliability.  The probation officer testified that he read the report

without confirming the accuracy of any of the details contained in the report. With respect to the unsworn statements of the arresting officer contained in the report, the probation officer indicated that he had not spoken with the officer.  Moreover, there was no evidence that the arresting officer had any specialized training to conduct field sobriety tests or breath tests.  With respect to the breath results, there was significant evidence that the test results were lacking in scientific basis and reliability because the machines had not been calibrated or the calibration results could not be located.  Notably, at least one other agency refused to rely on the test results because of their unreliability.[1]

The government did not offer any evidence of good cause for denying the right of confrontation.  Rather, the government argued that, although the police report and the statements contained therein were hearsay, the hearsay evidence was sufficient to show, by a preponderance of the evidence, that Mr. Lizarraga violated his terms of supervised release.

Balancing Lizarraga's interest in his constitutional right to confrontation against the government's good cause for denying it, this Court concludes that the police report should not be considered as evidence.  The report consists of  unreliable hearsay; it is the only

---

[1] The Court notes that state courts generally prosecute a person driving under the influence with two counts: the first count being driving under the influence (28 A.R.S. §1381(A)(1)), the second count being driving under the influence with a breath test result (28 U.S.C. 1381(A)(2)).  The Petition to Revoke Supervised Release indicates that these two charges were initiated in Lizarraga's state case as well.  Although the arresting officer's observations as set forth in the police report, if true, could have supported a driving under the influence prosecution without the breath tests, currently this charge is not being sought by the state and thereby further brings into question the reliability of the evidence presented to this Court.

evidence offered in support of the violation; and to consider the report would violate Lizarraga's interest in confrontation. Whereas Lizarraga's interest in confrontation is strong, the government did not offer any reason for denying Lizarraga his right to confrontation.

### **RECOMMENDATION FOR DISPOSITION BY THE DISTRICT JUDGE**

Absent the police report, there is no evidence that Lizarraga violated his supervised release condition by driving under the influence of alcohol on May 7, 2005. Therefore, it is the recommendation of the Magistrate Judge that the District Court, after its independent review, find that Lizarraga did not violate his condition of supervised release, deny the Petition to Revoke Supervised Release (Doc. No. 29), and order Mr. Lizarraga released from custody.

The parties have ten days to file their written objections to this report. The objections should be filed with the Honorable Frank R. Zapata.

DATED this 21st day of October, 2005.

_____
Jennifer C. Guerin
United States Magistrate Judge